***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. ONE 2010 VOLKSWAGEN JETTA, TDI VIN: 3VWPL7AJ0AM612457, Defendant *in rem*. | Civil Action No. 13-5215 (FLW)<br><br>**OPINION** |

**WOLFSON, U.S. DISTRICT JUDGE:**

This lawsuit involves a Verified Complaint filed by the United States of America ("the Government") for Forfeiture against the defendant property, one 2010 Volkswagen Jetta ("the Defendant Property"), pursuant to 21 U.S.C. § 881(a)(4). The matter has been opened to the Court by Michael Battista ("Claimant") on Claimant's motion to set aside the default entered in this case by the Clerk of Court on November 8, 2013, and to vacate the default judgment entered by the Court on January 31, 2014.

For the reasons that follow, Claimant's motion is denied.

**I.    Background**

The following facts are taken from the Verified Complaint and the briefs and exhibits filed in this case. On August 30, 2013, pursuant to the Warrant for Arrest *In Rem* issued by the Clerk of the Court on that same day, the United States Marshal Service seized the Defendant Property.[1] On

---

[1] The Defendant Property was initially seized on April 3, 2013 by law enforcement offices from the Ocean County Prosecutor's Office and the DEA in connection with a law enforcement investigation into drug trafficking activity. *See* Verified Complaint ¶ 26. Law enforcement officials had observed Battista, believed to have been a co-conspirator in a drug trafficking organization,

1

September 17, 2013, the Government sent the Verified Complaint of Forfeiture *In Rem* ("Verified Complaint"), and a Notice of Forfeiture by certified mail, return receipt requested, to potential claimant Michael C. Battista, c/o his attorney Mr. Peter M. O'Mara, Esq., The O'Mara Law Firm, 25 Sycamore Ave., Suite 2, Little Silver, New Jersey 07739. *See* Nov. 6, 2013 Gaeta Decl., Ex. A. On September 19, 2013, the Verified Complaint for Forfeiture In Rem, Warrant for Arrest *In Rem*, and Notice of Forfeiture were received by potential claimant Michael C. Battista, c/o his attorney Mr. Peter M. O'Mara, Esq. *See id.* Notice of Civil Forfeiture was posted on an official government internet website (www.forfeiture.gov) for at least 30 consecutive days, beginning on September 4, 2013, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. *See* Gaeta Decl., Ex. B.

Claimant failed to timely respond to the Verified Complaint. The Government moved for entry of default, which the Clerk of Court entered on November 8, 2013. The Government then moved for default judgment, which the Court granted on January 31, 2014. On April 2, 2015, more than fifteen months after default judgment had been entered, Claimant filed this motion, asserting that his counsel had misfiled the Verified Complaint and had not discovered the document in his office files until March of this year.

The Government opposes the motion on the basis that Claimant lacks standing to challenge the entry of default and default judgment under the 18 U.S.C. § 983(a)(4) and Rule G of the

---

traveling in the Defendant Property to meet with an individual believed to have been another co-conspirator in said organization. *Id.* ¶¶ 24–25.

After the initial seizure, administrative forfeiture proceedings commenced. According to the Government, the DEA sent a Notice of Seizure to Battista's address by certified mail. Battista sent an administrative claim through his counsel, in apparent response to the DEA's Notice of Seizure. *See* Dec. 4, 2013 Gaeta Decl. Ex. A. The Government further represents that on or about June 17, 2013, the DEA sent a letter to counsel for Battista, advising him that the claim had been accepted and that the matter had been referred to the United States Attorney's Office, after which the Government filed the Verified Complaint.

Supplementary Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("the Supplemental Rules"). Alternatively, the Government argues that Claimant has not asserted a meritorious defense such that would warrant vacating the default and default judgment. Claimant did not file a reply brief.

## II.     Standard of Review

   *a. Motion to Vacate Entry of Default / Default Judgment*

Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding" on the grounds of:

>   (1) mistake, inadvertence, surprise, or excusable neglect;
>
>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>   (4) the judgment is void;
>
>   (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;
>
>   (6) or any other reason that justifies relief.

FED. R. CIV. P. 60(b).

"A court ruling on a motion to set aside a default judgment under Rule 60(b)(1), 'must consider the following three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct.'"[2] *In re Subramanian*, 245 Fed. App'x. 111, 115 (3d Cir. 2007) (quoting *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985)).

---

[2] The standards for setting aside a default are virtually identical. Pursuant to Rule 55(c), the court "may set aside an entry of default for good cause." "In determining whether to set aside an entry of default, the Court looks at (1) whether the plaintiff will be prejudiced; (2) whether the

b. *Statutory Standing*

At the outset, the Government argues that Claimant lacks statutory standing contest the forfeiture. "For a federal court to have subject-matter jurisdiction over an action, the plaintiff must have standing to bring the action in the first instance." *Music Sales Limited v. Charles Dumont & Son, Inc.*, 800 F. Supp. 2d 653, 657 (D.N.J. 2009). "There are three types of standing: constitutional, prudential, and statutory."[3] *Id.*

> Though all are termed 'standing,' the differences between [them] are important. Constitutional and prudential standing are about, respectively, the constitutional power of a federal court to resolve a dispute and the wisdom of so doing. Statutory standing is simply statutory interpretation: the question it asks is whether Congress has accorded *this* injured plaintiff the right to sue the defendant to redress his injury. To answer that question, we employ the usual tools of statutory interpretation.

*Graden v. Conexant Systems Inc.*, 496 F.3d 291 (3d Cir. 2007) (emphasis in original). A claimant must meet all relevant standing requirements to proceed with his or her claim. *See United States v. $822,877.16 in U.S. Currency*, 330 F.3d 141, 150 n.9 (3d Cir. 2003).

### III.   Discussion

The Court will first determine, as a threshold matter, whether Claimant has statutory standing to challenge the forfeiture. "To establish statutory standing [in a civil forfeiture action], a claimant must comply with the procedural requirements delineated in the Supplemental Rules and the Civil Asset Forfeiture Reform Act of 2000 ('CAFRA')." *United States v. $263,327.95*, 936 F. Supp. 2d

---

defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." *Malik v. Hannah*, No. 05–3901, 2007 WL 2892648, at *1 (D.N.J. Sept. 27, 2007) (citing *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)). "'A motion to set aside a default is addressed to the discretion of the court. Any doubt should be resolved in favor of setting aside defaults so that cases may be decided on their merits.'" *Id.* (quoting *Alopari v. O'Leary*, 154 F.Supp. 78, 80–81 (E.D. Pa. 1957)).

[3] Because the Government does not contest whether Claimant has constitutional or prudential standing, the Court will not go into depth about the background principles animating the constitutional and prudential standing doctrines.

468, 471–72 (D.N.J. 2013); *see also United States v. $102,535.00 in U.S. Currency*, 499 Fed. App'x 134, 136 (3d. Cir. 2012). § 983(a)(4)(A) states,

> In any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims, except that such claim may be filed not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint.

*Id.* Rule G(5) states, in relevant part, that "[u]nless the court for good cause sets a different time, the claim must be filed: (A) by the time stated in a direct notice sent under Rule G(4)(b) . . . ." Supplemental Rules, G(5)(a)(ii).[4] "The purpose of statutory standing is to force claimants 'to come forward as quickly as possible after the initiation of forfeiture proceedings, so that the court may hear all interested parties and resolve the dispute without delay,' and to minimize the danger of false claims by requiring claims to be verified or solemnly affirmed." *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 150 (3d Cir. 2003) (quoting *United States v. Various Computers & Computer Equip.*, 82 F.3d 582, 585 (3d Cir. 1996)).

The Notice of Forfeiture, which was sent to Claimant's attorney,[5] states that Claimant was required to file a claim by October 21, 2013. *See* Sept. 16, 2013 Notice of Forfeiture. Claimant failed to file such a claim by the above deadline; indeed, Claimant failed to file any response with the Court until approximately eighteen months after the deadline had passed.[6] Therefore, Claimant

---

[4] In this case, the Court never set a different time for the claim to be filed.

[5] The Supplemental Rules state that "[t]he notice must be sent by means reasonably calculated to reach the potential claimant" and that "[n]otice may be sent to the potential claimant or to the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case." Supplemental Rules, G(5)(b)(iii).

[6] Further, "if notice was published but direct notice was not sent to the claimant or the claimant's attorney," a person who asserts an interest in the defendant property must file a claim

lacks statutory standing to contest the forfeiture. *United States v. $487,825.000 in U.S. Currency*, 484 F.3d 662, 665 (3d Cir. 2007), *as amended* (May 14, 2007) ("Courts have repeatedly emphasized that forfeiture claimants must strictly adhere to the filing requirements to perfect standing.").

Because Claimant has no standing, there is no "case or controversy" for the Court to adjudicate. Therefore, Claimant's motion to vacate default and default judgment is denied.[7] *See, e.g.*, *United States v. One 1988 Honda Accord*, No. CIV. 91-3580 (CSF), 1992 WL 88056, at *2–*3 (D.N.J. Mar. 16, 1992).

Because the I find that Claimant lacks statutory standing to contest the forfeiture, I need not reach the question of whether Claimant has presented a meritorious defense such that would justify vacating default and default judgment.

### IV.   Conclusion

Claimant's motion to vacate is denied. An appropriate order shall follow.

Dated: September 25, 2015          /s The Honorable Freda L. Wolfson
                                   United States District Judge

---

"no later than 30 days after final publication of newspaper notice or legal notice under Rule G(4)(a) or no later than 60 days after the first day of publication on an official internet government forfeiture site." Supplementary Rules, G(5)(a)(ii).

Here, the Government published notice on an official government website on September 4, 2013, for a period of no less than 30 days, affording Claimant an alternative method of receiving notice of the forfeiture action.

[7] While the Court is appreciative of Claimant's position that his counsel's error prevented him from filing a timely claim, it is a well-known point of law that "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). Further, Claimant had engaged in the administrative forfeiture process that preceded the judicial forfeiture proceedings, indicating that he was aware of the ongoing governmental interest in the Defendant Property. *See* Dec. 4, 2013 Gaeta Decl. Ex. A.